Rawlins v Sheppard (2019 NY Slip Op 00982)





Rawlins v Sheppard


2019 NY Slip Op 00982


Decided on February 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2019

Sweeny, J.P., Tom, Webber, Kahn, Kern, JJ.


655457/17 8360A 8360

[*1] Gary Rawlins, Plaintiff-Respondent,
v
Andrew Sheppard, etc., et al., Defendants-Appellants.


Busson & Sikorski, P.C., New York (Oleksandr Kryvenko of counsel), for appellants.
Rawlins Law, PLLC, White Plains (Gary Rawlins of counsel), for respondent.



Judgment, Supreme Court, New York County (Gerald Lebovits, J.), entered April 23, 2018, in plaintiff's favor, unanimously reversed, on the law, without costs, and the judgment vacated. Appeal from order, same court and Justice, entered February 15, 2018, which granted plaintiff's motion for summary judgment in lieu of complaint and denied defendants' cross motion to dismiss the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. The Clerk is directed to enter judgment dismissing the complaint.
Defendants' arguments about interpreting their retainer agreements with plaintiff attorney, even if raised for the first time on appeal, raise issues of law that are resolvable on the face of the existing record, and thus will be considered (see Facie Libre Assoc. I, LLC v SecondMarket Holdings, Inc., 103 AD3d 565 [1st Dept 2013], lv denied 21 NY3d 866 [2013]).
Under the plain language of the retainer agreements, the contingency fee was to be calculated based on the amount received by defendants as beneficiaries of the estate, not based on the gross amounts collected by the estate in the first instance, before costs and expenses. To the extent the agreements could be said to be ambiguous on this point, they must be construed against plaintiff (see Albunio v City of New York, 23 NY3d 65, 71 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 7, 2019
CLERK